IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ON24, INC., § | |
| § | Case No. 3:21-cv-07721-JSC |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| WEBINAR.NET, INC., § | |
| § | |
| Defendant. § | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, webinar.net, Inc. ("webinar"), hereby files its Answer and Affirmative Defenses to the Complaint for Damages & Injunctive Relief [DE 1] (the "Complaint") of Plaintiff, ON24, Inc. ("ON24"), and states as follows:

webinar denies the allegations or statement contained in the "preamble" to the Complaint.

### I.   INTRODUCTION

1. webinar denies the allegations of Paragraph 1 of the Complaint.

2. webinar denies the allegations of Paragraph 2 of the Complaint.

3. webinar denies the allegations of Paragraph 3 of the Complaint.

### A.   FOUR WEBINAR.NET EXECUTIVES FOUNDED SNAPSESSION, BUILT ON ON24 TECHNOLOGY

webinar denies the allegations or statements contained in the "caption" to Section IA of the Complaint.

4. webinar denies the allegations of Paragraph 4 of the Complaint as stated. webinar admits former employees of ON24 were involved in SnapSession. webinar denies the remaining allegations of Paragraph 4 of the Complaint.

1

5. webinar denies the allegations of Paragraph 5.

6. webinar denies the allegations of Paragraph 6.

7. webinar denies the allegations of Paragraph 7 as stated. webinar admits that Mr. Nelson and Mr. Henry signed certain agreements while employed by ON24. webinar denies the remaining allegations of Paragraph 7.

8. webinar admits that ON24 has sued Mr. Henry and Mr. Nelson in the past. webinar denies the remaining allegations of Paragraph 8.

### B. ON24 SUED SNAPSESSION AND ITS PRINCIPALS ON NUMEROUS COUNTS, WHO EVENTUALLY CONCEDE TOTAL RELIEF TO ON24

webinar denies the allegations or statements contained in the "caption" to Section IB of the Complaint.

9. webinar admits the allegations of Paragraph 9 of the Complaint.

10. webinar denies the allegations of Paragraph 10 of the Complaint. webinar admits that the lawsuit was settled.

11. webinar denies the allegations of Paragraph 11 of the Complaint as stated. webinar admits that language of the settlement speaks for itself, which is also subject to interpretation.

12. webinar denies the allegation of Paragraph 12 of the Complaint as stated. webinar admits that SnapSession is no longer an ongoing concern.

### C. THE FOUR SNAPSESSION PRINCIPAL CONCEAL INVOLVEMENT WITH SNAPSESSION AND TELL A CONFUSING STORY REGARDING WEBINAR.NET

webinar denies the allegations or statements contained in the "caption" to Section IC of the Complaint.

13. webinar denies the allegations of Paragraph 13 of the Complaint.

14. webinar denies the allegations of Paragraph 14 of the Complaint as stated. webinar admits that the language of taglines other statements taken from LinkedIn speak for themselves. The remaining allegations of Paragraph 14 of the Complaint are denied.

15. webinar denies the allegations of Paragraph 15 of the Complaint as stated. webinar admits that the language of taglines other statements taken from LinkedIn speak for themselves. The remaining allegations of Paragraph 15 of the Complaint are denied.

16. webinar denies the allegations of Paragraph 16 of the Complaint as stated. webinar admits that the language of communications from webinar's counsel speaks for itself. The remaining allegations of Paragraph 16 of the Complaint are denied.

### D. WEBINAR.NET'S IMPROPER CONDUCT

webinar denies the allegations or statements contained in the "caption" to Section ID of the Complaint.

17. webinar denies the allegations of Paragraph 17 of the Complaint.

18. webinar denies the allegations of Paragraph 18 of the Complaint as stated. webinar admits that it is a cloud-based webinar platform. webinar denies the remaining allegations of Paragraph 18 of the Complaint.

### E. IMPROPER ACCESS OF ON24 PROPRIETARY INFORMATION

webinar denies the allegations or allegations contained in the "caption" to Section IE of the Complaint.

19. webinar denies the allegations of Paragraph 19 of the Complaint as stated. webinar admits that the language of the writing speaks for itself, which is not actionable, as is alleged by ON24.

20. webinar denies the allegations of Paragraph 20 of the Complaint as stated. webinar admits that the language of the writing speaks for itself, which is not actionable, as is alleged by ON24.

21. webinar admits that the language of the case study referred to in Paragraph 21 speaks for its itself. webinar denies the remaining allegations of Paragraph 21.

22. webinar denies the allegations of Paragraph 21 of the Complaint as stated. webinar admits that some ON24 employees were subsequently employed by webinar. webinar is without knowledge of the remaining allegations of Paragraph 21 of the Complaint and therefore they are denied.

23. webinar denies the allegations of Paragraph 23.

### F.  WEBINAR.NET'S FALSE AND MISLEADING STATEMENTS ABOUT ON23 IN THE MARKETPLACE

webinar denies the allegations or statements contained in the "caption" to Section IF of the Complaint.

24. webinar denies the allegations of Paragraph 24 of the Complaint.

25. webinar denies the allegations of Paragraph 25 of the Complaint.

26. webinar denies the allegations of Paragraph 26 of the Complaint as stated. webinar admits that it has been for some time a "100%" and "Fully" cloud-based webinar platform, which ON24 is not. Webinar denies that ON24 is a cloud-based webinar platform and the remaining allegations of Paragraph 26 of the Complaint.

27. webinar denies the allegations of Paragraph 27 as stated. webinar admits that it is a 100% fully cloud-based webinar platform. webinar denies that it employs any intellectual property utilized by 6Connex.

28. webinar denies the allegations of Paragraph 28 of the Complaint.

29. webinar denies the allegations of Paragraph 29 of the Complaint as stated. webinar admits that the language of webinar's advertising speaks for itself and is not false.

30. webinar denies the allegations of Paragraph 30 of the Complaint as stated. webinar admits that the language of webinar's advertising speaks for itself and is not false.

31. webinar denies the allegations of Paragraph 31 of the Complaint.

32. webinar denies the allegations of Paragraph 32 of the Complaint.

## II.    THE PARTIES

33. webinar is without knowledge of the allegations of Paragraph 33 of the Complaint and therefore they are denied.

34. webinar admits the allegations of Paragraph 34 of the Complaint.

## III.    JURISDICTION AND VENUE

35. webinar denies the allegations of Paragraph 35 of the Complaint.

36. webinar denies the allegations of Paragraph 36 of the Complaint.

37. webinar denies the allegations of Paragraph 37 of the Complaint as stated. webinar admits that is transacts business within this District.

38. webinar is without knowledge of the allegations of Paragraph 38 of the Complaint and therefore they are denied.

## IV.    CAUSES OF ACTION

### A.  COUNT I: INFRINGEMENT OF U.S. PATENT 9,148,480 B2

39. webinar adopts and realleges its responses to Paragraphs 1 through 38 above, as though fully set forth herein.

40. webinar admits that ON24 hold certain U.S. patents but denies that they are valid or that webinar has or is infringing on any patent held by ON24.

41. webinar denies the allegations of Paragraph 41 of the Complaint.

42. webinar denies the allegations of Paragraph 42 of the Complaint as stated. webinar admits that the statements of webinar as to its products and services speak for themselves. webinar denies that it has or is infringing on any patent held by ON24.

43. webinar denies the allegations of Paragraph 43 of the Complaint as stated. webinar admits that the statements of webinar as to its products and services, including those on its website, speak for themselves. webinar denies that it has or is infringing any patent held by ON24.

44. webinar denies the allegations of Paragraph 44 as stated. webinar admits that ON24 sought to inspect the source code of webinar, a competitor, without any valid basis or grounds for doing so. webinar further admits that it is not infringing on ON24's intellectual property, including the '480 Patent.

45. webinar denies the allegations of Paragraph 45 of the Complaint.

46. webinar denies the allegations of Paragraph 46 of the Complaint.

### B. COUNT II: INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

47. webinar adopts and realleges its responses to Paragraphs 1 through 46 above, as though fully set forth herein.

48. webinar is without knowledge of the allegations of Paragraph 48 and therefore they are denied.

49. webinar denies the allegations of Paragraph 49 of the Complaint.

50. webinar denies the allegations of Paragraph 50 of the Complaint.

51. webinar denies the allegations of Paragraph 51 of the Complaint.

52. webinar denies the allegations of Paragraph 52 of the Complaint.

### C. COUNT III: UNFAIR COMPETITION

53. webinar adopts and realleges its responses to Paragraphs 1 through 52 above, as though fully set forth herein.

54. webinar denies the allegations of Paragraph 54 of the Complaint.

55. webinar denies the allegations of Paragraph 55 of the Complaint.

56. webinar denies the allegations of Paragraph 56 of the Complaint.

### D. COUNT IV: VIOLATION OF THE LANHAM ACT § 43(a)

57. webinar adopts and realleges its responses to Paragraphs 1 through 56 above, as though fully set forth herein.

58. webinar denies the allegations of Paragraph 58 of the Complaint.

59. webinar denies the allegations of Paragraph 59 of the Complaint.

60. webinar denies the allegations of Paragraph 60 of the Complaint.

### V. PRAYER FOR RELIEF

61. webinar denies that ON24 is entitled to any such relief.

### VI. JURY DEMAND

62. webinar admits that ON24 purports to demand a trial by jury but denies that ON24 is entitled to any relief by way of its allegations and causes of action set forth in its Complaint.

WHEREFORE, webinar demands entry of judgment providing that ON24 take nothing by virtue by their action and that webinar go hence without day and awarding webinar its attorneys' fees in accordance with the federal and state statutes and causes of action relied upon by ON24, which permit the award of same, court costs, and such other and further relief as the Court deems just and proper.

## ALLEGATIONS NOT SPECIFICALLY ADMITTED

webinar states that all allegations not specifically admitted herein in this Answer and Affirmative Defenses are hereby denied.

## AFFIRMATIVE DEFENSES

AND for its Affirmative Defenses, webinar states as follows:

**First Affirmative Defense:** ON24's Complaint fails to state a claim against webinar upon which relief can be granted.

**Second Affirmative Defense:** ON24 has not identified a case or controversy sufficient to create the right for the requested legal declarations in this Court. The facts alleged do not reflect a justiciable controversy.

**Third Affirmative Defense:** ON24's causes of action against webinar are barred by the doctrines of unclean hands, fraud, material misrepresentation, inequitable conduct, and/or other self-inflicted, commercially unreasonable, or bad faith conduct of ON24 itself. For example, ON24 had an initial public offering in March 2021 (the "IPO"). But in a January 2021 filing with the Securities & Exchange Commission ("SEC"), as well as in disclosures made in connection with the IPO, ON24 stated that there was no threatened or pending lawsuits for infringement related to their intellectual property. With the forgoing dates in mind, ON24's counsel began making unsubstantiated threats of litigation for infringement of their intellectual property to webinar between April 2020 and November 2020. In April 2021, ON24's counsel again made similar threats to webinar, ultimately filing this suit in October 2021. None of the foregoing was disclosed to potential investors in connection with the IPO or to the SEC.

**Fourth Affirmative Defense:** ON24's claim for damages against webinar is too remote, speculative, and/or unavailable as a matter of law and, regardless, would result in unjust

enrichment if awarded.  Alternatively, ON24 has suffered no damage or harm as a result of the conduct alleged in the Complaint and is, therefore, not entitled to any relief.

**Fifth Affirmative Defense:**  ON24's causes of action are barred by the doctrine of equitable estoppel or are otherwise contrary to public policy.  ON24 has alleged that webinar has misrepresented its products and services.  These would include statements regarding ON24 not being cloud-based, or that ON24's technology does not include Flash or plug-ins.  However, contrary to their claims, ON24 stated in a January 2021filing with the SEC, that they are moving to hybrid-cloud.  By saying "hybrid," ON24, by definition, is admitting that they are not cloud based.  Similarly, ON24's own statements to the public admit that their technology does include Flash and plug-ins.

**Sixth Affirmative Defense:**  ON24's claims fail as the conduct complained of is ordinary competition by entities providing somewhat similar services, but with different technologies, not rising to the level of unfair competition, intentional interference or infringement.

**Seventh Affirmative Defense:**  ON24 has failed to mitigate its alleged damages, if any, thereby eliminating or reducing all damages claimed.

**Eighth Affirmative Defense:**  ON24's claims fail as webinar's actions are fair use and/or nominative fair use.  webinar's actions, if any, did not constitute trademark infringement and was made fairly and in good faith to describe and compare webinar's own goods and services.

**Ninth Affirmative Defense:**  ON24's claims are barred as there is no possibility of consumer confusion by webinar's actions.  webinar cannot be held liable for intentionally interfering with the public as a whole or prospective customers, as opposed to specific contractual obligations.  Even so, where ON24's contracts are terminable at will, webinar as a competitor is

privileged to use lawful means to convince any other party to a contract to terminate an existing contract and do business with a superior product and service offered by webinar.

**Tenth Affirmative Defense:** ON24's claims allegedly arising from the Lanham Act fail as ON24 has failed to identify a protectable and/or registered mark being infringed for which there is protection under the Lanham Act. Even if identified, webinar's use of such a mark is not being used in a manner that misrepresents ON24's goods or services and/or its use by webinar is "puffery."

**Eleventh Affirmative Defense:** ON24's '480 patent is invalid in whole or in part and as a result is not enforceable.

**Twelfth Affirmative Defense:** webinar is not infringing the '480 patent, in whole or in part.

**Thirteenth Affirmative Defense:** ON24's action is barred by the Doctrine of Laches.

**Fourteenth Affirmative Defense:** Pursuant to, *inter alia*, 35 U.S.C. § 285, webinar is entitled to recover reasonable attorneys' fees against ON24 on the grounds that this action has been brought against webinar without merit and has not been brought or asserted in good faith.

**Fifteenth Affirmative Defense:** ON24's causes of action against webinar are barred by intervening or superseding causes, including, but not limited to, the actions of other unnamed third parties and/or ON24 itself, creating a lack of causation and/or the absence of a causal relationship between ON24's allegations and webinar's conduct. Put otherwise, the cause of ON24's damages, if any, was the independent act or acts of other persons or entities, including ON24 itself, over whom webinar has no control and for whom webinar is not liable.

webinar reserves the right to add additional affirmative defenses as this matter progresses and webinar discovers additional information. Likewise, to the extent any of webinar's affirmative defenses can be construed as claims, webinar reserves the right to amend this answer to specifically plead any such additional claims against ON24.

        Respectfully submitted,

        By: */s/ Kyle C. Kasparek*
        THE RAPACKE LAW GROUP, P.A.
        California Bar No. 292871
        3750 Birch Terrace
        Davie, FL 33330
        Telephone: (954) 951-0154
        Facsimile: (954) 206-0484
        Email: kyle@arapackelaw.com

        Andrew S. Rapacke
        THE RAPACKE LAW GROUP, P.A.
        3750 Birch Terrace
        Davie, FL 33330
        Telephone: (954) 951-0154
        Facsimile: (954) 206-0484
        Email: andy@arapackelaw.com
        (Application *Pro Hac Vice* to be filed).

        Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22 2021, under Federal Rule of Civil Procedure 5, the foregoing was filed with the Clerk of the Court by using the CM/ECF system, which will send an electronic notice to the following lead counsel of record in this proceeding: Alex Chachkes, Setty Chachkes, et al. (alex@sechalaw.com) and David Miclean, Miclean Gleason, et al (dmiclean@micleangleason.com), Counsel for Plaintiff.

        By: */s/ Kyle C. Kasparek*
        THE RAPACKE LAW GROUP, P.A.
        Attorney for Defendant